UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-60990-SINGHAL/VALLE

DOMINGO OBANDO,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S UNOPPOSED PETITION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Plaintiff Domingo Obando's Unopposed Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA") (the "Motion") (ECF No. 24), which has been referred to the undersigned by United States District Judge Raag Singhal for all pre-trial, non-dispositive matters. *See* (ECF No. 5).

On July 28, 2021, the District Court granted Defendant's Unopposed Motion for Entry of Judgment and remanded this case to the Appeals Council. *See* (ECF Nos. 21, 22, 23). Plaintiff now seeks an award of his attorney's fees incurred in this case under the EAJA, and Defendant does not oppose the Motion. *See generally* (ECF No. 24).

Under the EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C.

---

[1] Kilolo Kijakazi has been appointed as Acting Commissioner of Social Security. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

1

§ 2412(d)(1)(A). The court may also award litigation costs, as enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). Here, Plaintiff asserts (and Defendant does not dispute) that he is the prevailing party, and generally argues that Defendant's position was not substantially justified and that no special circumstances exist that would render a fee award unjust. *See* (ECF No. 24 at 1, 3-4). The only remaining issue, therefore, is whether Plaintiff's requested attorney's fees and costs are reasonable.

## I. ATTORNEY'S FEES

Plaintiff seeks an award of $5,107.54 in attorney's fees. (ECF No. 24 at 1, 3, 7). The attorney's fees result from 24.1 hours of work performed by one attorney between June 2020 and July 2021, 0.6 hours of which were performed in 2020, and 23.5 hours in 2021.[2] *See* (ECF No. 24 at 1, 2-3, 6-7). Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts (and Defendant does not dispute) that the attorney's fee rates of $207.28 per hour in 2020 and $212.05 per hour in 2021 are supported by the increased cost of living and are consistent with other attorneys petitioning for EAJA fees within the Circuit. *See* (ECF No. 24 at 1, 5, 6-7); *see also Bragg v. Commissioner*, No. 8:20-CV-671-SPF, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021) (approving EAJA hourly rate at $207.28 for work performed in 2020 and hourly rate at $212.05 for work performed in 2021).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see* (ECF No. 24 at 2-3, 5-6), the undersigned

---

[2] Plaintiff was represented by attorney David B. Goetz. Attorney Goetz has been a member of the Florida bar for more than 28 years, specializing in Social Security disability law since 1993. (ECF No. 24 at 5). Attorney Goetz has substantial experience practicing at the administrative and federal district court levels. *Id.* at 5-6.

finds that Plaintiff's request for attorney's fees is reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## II.     COSTS

In addition, Plaintiff requests $400 for the reimbursement of filing costs. (ECF No. 24 at 1, 7). Under the EAJA, the prevailing party is entitled to compensation for costs "as enumerated in section 1920 . . . ." 28 U.S.C. § 2412(a)(1). Here, filing costs are recoverable under 28 U.S.C. § 1920(1).

## III.     RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion (ECF No. 24) be **GRANTED**. Plaintiff should be awarded a total of **$5,107.54** in attorney's fees, and **$400** in costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).

Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on September 8, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Raag Singhal
Counsel of Record